# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ADMIRAL INSURANCE COMPANY, )
)
    Petitioner, )
)
v. ) CASE NO. CV418-029
)
CENTER CONTRACTING COMPANY OF )
CENTRAL FLORIDA, LLC, CONTRAVEST )
MANAGEMENT COMPANY, TERESSA )
BLONDELL, ALVIN BLONDELL, RAM )
PARTNERS, LLC, and RICHEY )
INDUSTRIES, INC., )
)
    Respondents. )
)

## O R D E R

Before the Court is Respondent Center Contracting Company of Central Florida, LLC and Respondent Contravest Management Company's Motion to Set Aside Default. (Doc. 15.) While reviewing the Respondents' motion, the Court discovered the presence of a jurisdictional defect in this case.

Petitioner's Petition for Declaratory Judgment does not adequately plead the citizenship of the Respondent LLCs in this case and, therefore, this Court cannot determine whether it has jurisdiction over this action. The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity. See 28 U.S.C. § 1332; Ray v. Bird & Son

Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, LP v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of a LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, Petitioner's petition does not include a list of the individual members, along with their citizenships, of Respondent Center Contracting Company of Central Florida, LLC. The petition merely states that "Respondent Center Contracting Company of Central Florida, LLC (hereinafter "Center") is a foreign corporation organized under the laws of the State of Florida with its principal place of business located in Altamonte Springs, Florida." (Doc. 1 at 2.) Petitioner further claims the Court has jurisdiction over this action because

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

"Petitioner is a citizen of a different state than all Respondents." (Id. at 4.) As discussed above, this is not sufficient to establish complete diversity. Accordingly, Petitioner is **DIRECTED** to file an amended petition for declaratory relief within **fourteen days** from the date of this order listing all members of the limited liability companies in this action with their respective citizenships.[2] Because Petitioner has been directed to file an amended petition, the Respondents' Motion to Set Aside Default is **DISMISSED AS MOOT**. Respondents are advised to ensure that they timely respond to the amended petition so as to avoid any issues with default.

SO ORDERED this 19th day of December 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will not accept any amended petition that incorporates by reference any factual allegation or argument contained in an earlier filing, or offers only a piecemeal amendment. Petitioner's amended petition should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.