# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAFN: 4:18-CV-00029-WTM-JEG |
| | ) |
| CENTER CONTRACTING COMPANY | ) |
| OF CENTRAL FLORIDA, LLC, | ) |
| CONTRAVEST MANAGEMENT | ) |
| COMPANY, TERESA BLONDELL, | ) |
| ALVIN BLONDELL, RAM PARTNERS, | ) |
| LLC, and RICHEY INDUSTRIES, INC. | ) |
| | ) |
| Respondents. | ) |

## STIPULATED PROTECTIVE ORDER

1.     This Order shall be in effect and shall govern such documents produced

and information provided by Admiral Insurance Company, Center Contracting

Company of Central Florida, LLC, Contravest Management Company, Teresa

Blondell, Alvin Blondell, RAM Partners, LLC, and/or any of their affiliates,

hereinafter collectively referred to as "the parties," in the instant litigation which are

(a) either agreed to by the parties to be "CONFIDENTIAL" material(s), (b) are

specified or designated as "CONFIDENTIAL" material(s) by Court Order or (c)

designated by a party as being "CONFIDENTIAL" material(s) subject to timely

objection by the receiving party, and then only until such time as the Court holds that said documents are not "CONFIDENTIAL" material(s).

2.     Documents governed by Item 1 above shall be protected as "CONFIDENTIAL" material(s) under the terms of this Order when the same have also had affixed to them the following semi-transparent watermark notice in no less than 90-point typeface placed diagonally across the face of each and every document:

"CONFIDENTIAL"

in addition to appropriate labeling or placarding identifying the documents as being related to the above-captioned matter and any indexing or "bates stamping" information.

3.     Counsel and the parties shall not disclose, make available or communicate "CONFIDENTIAL" material(s) to any person, entity or organization except to those persons designated in this Order and only in accordance with the procedures established by this Order.  In this regard:

(a)     Counsel may disclose such "CONFIDENTIAL" material(s) or any information derived therefrom to clerical personnel, experts retained by the parties, parties to the lawsuit, and attorneys directly employed by their law firms to the extent that the disclosures are necessary for the preparation of this litigation for trial or appeal.  All such clerical personnel, experts, and attorneys shall be bound by the provisions of this Order.

(b)     All persons to whom disclosure is to be made [other than those

persons described in subparagraph 3 (a) above] shall acknowledge, in writing, the terms of this Order and their agreement to be bound thereby. Each such person shall agree that the disclosed information is confidential, is not to be disclosed by him or her or to anyone else and is not to be used for any purpose other than the preparation of this litigation for trial or appeal.

(c)    Counsel shall instruct the person to whom disclosure is made to return any document or other material(s) which is marked "CONFIDENTIAL" at the conclusion of the case, including notes or memoranda made from "CONFIDENTIAL" material(s); maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" material(s) which were disclosed to that person; and at the conclusion of the action, gather the "CONFIDENTIAL" material(s), copies thereof, and related notes and memoranda.

(d)    Counsel for parties to whom "CONFIDENTIAL" material(s) have been produced or disclosed shall not, without prior consent of counsel for the producing party, disclose the "CONFIDENTIAL" material(s) except as provided by the terms of this Order.

4.    The parties, through counsel of record in this litigation, may disclose "CONFIDENTIAL" material(s) to expert witnesses or consultants provided that the following procedures and restrictions shall apply to such disclosure:

(a)    Before receiving "CONFIDENTIAL" material(s), the expert witness or consultant shall execute an acknowledgment that he or she has received copy of this Order, has reviewed a copy of this Order and that he or she understands that he or she is bound by the provisions of this Order;

(b)    No expert witness or consultant to whom such "CONFIDENTIAL" material(s) have been disclosed shall use such information except for preparation for trial of this litigation, the trial itself or an appeal of this litigation; and

(c)     No such expert or consultant shall disclose "CONFIDENTIAL" material(s) he or she has received hereunder to any other person or entity, other than to his or her staff in connection with the instant litigation, without prior written consent of counsel for the producing party.

(d)     Counsel shall instruct the expert or consultant to whom disclosure is made to return any document or other material(s) which is marked "CONFIDENTIAL" at the conclusion of the case, including notes or memoranda made from "CONFIDENTIAL" material(s); maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" material(s) which were disclosed to that person; and at the conclusion of the action, gather the "CONFIDENTIAL" material(s), copies thereof, and related notes and memoranda.

5.     Nothing contained in this Order shall be construed to prejudice any party's right to use, in open court or in depositions, and in accordance with the provisions of Paragraph 12 of this Order, any "CONFIDENTIAL" material(s). If utilized in depositions, the exhibits shall be sealed and not be disclosed outside the confines of the depositions unless in accordance with the provisions of Paragraph 12 hereof or as otherwise provided in this Order.

6.     Immediately upon termination of this litigation and without request, but in any event no more than thirty (30) days after final adjudication or other resolution of this action, including all appeals, "CONFIDENTIAL" material(s) produced, including all copies thereof, shall be returned to the producing party or its counsel, or it shall be destroyed by the party in possession of such material.

7.     The provisions of this Order, insofar as they restrict the communication

and use of "CONFIDENTIAL" material(s), shall, absent written permission of the producing party, continue to be binding after the conclusion of this action, including any and all appeals.

8. Persons attending depositions taken in this action at which "CONFIDENTIAL" material(s) are identified, discussed or disclosed shall be limited to the court reporter, the deponent, counsel for the deponent, counsel for the parties, the parties and any representative of the parties who are bound by the terms of this Agreement.

9. The parties shall designate deposition testimony as "CONFIDENTIAL" material(s), in part, by identifying specific lines and/or pages as "CONFIDENTIAL" material(s) in writing within thirty (30) days of receiving the deposition transcript. All deposition testimony shall be treated as "CONFIDENTIAL" material(s) until expiration of the thirty (30) day period.

10. In the event any "CONFIDENTIAL" material(s) are inadvertently disclosed, the disclosure shall not constitute a waiver of any privilege or objection relating to the "CONFIDENTIAL" material(s).

11. By executing this Agreement, the undersigned counsel certify that they have the authority of their respective clients to execute this Order and enter into the agreement reflected by it.

12.    If any party or attorney wishes to file any "CONFIDENTIAL" document(s) or material(s), the document(s) or material(s) shall be filed under seal. If the only portions of the document(s) or material(s) which are "CONFIDENTIAL" are exhibits, only those "CONFIDENTIAL" exhibits shall be filed under seal. If any party or attorney wishes to file any "CONFIDENTIAL" document(s) or material(s) but wishes the filing to not be under seal, or if any party or attorney wishes to use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material(s), s/he must provide reasonable notice to the party that produced the document or material(s).

This _____7th_____ day of __February_____, 2019.


_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA