IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ADMIRAL INSURANCE COMPANY, )
)
Petitioner, )
)
v. ) CASE NO. CV418-029
)
CENTER CONTRACTING COMPANY OF )
CENTRAL FLORIDA, LLC, )
CONTRAVEST MANAGEMENT COMPANY, )
TERESSA BLONDELL, ALVIN )
BLONDELL, RAM PARTNERS, LLC, )
and RICHEY INDUSTRIES, INC., )
)
Respondents. )
)

## O R D E R

Before the Court is Petitioner's Motion for Reconsideration. (Doc. 38.) After carefully reviewing Petitioner's motion and the record in this case, the Court can find no reason to disturb its prior order. Accordingly, Petitioner's motion is **DENIED**.

In its motion, Petitioner asks this Court to reconsider that portion of its prior Order (Doc. 35) that dismissed as moot Respondents Center Contracting Company of Central Florida, LLC's ("Center Contracting") and Contravest Management Company's ("Contravest") motion to set aside default. (Doc. 38 at 2.) Petitioner argues that "an inquiry in to subject matter jurisdiction does not

negate or moot motions that were pending before the Court prior to the inquiry." (Id.)

"Under the Federal Rules, an amended complaint supersedes the original complaint." Fritz v. Standard Sec. Life Ins. Co. of New York, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, " 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER, 463 F.3d 1210, 1215 (11th Cir. 2006) (quoting Proctor & Gamble Defense Corp. v. Bean, 146 F.2d 598, 601 n.7 (5th Cir. 1945)). Courts routinely find that an amended complaint renders moot motions directed against the original complaint. See Robinson v. Wings of Alpharetta, Inc., No. 1:11-CV-01579, 2011 WL 13308540, at *3 (N.D. Ga. Dec. 19, 2011) (denying the defendants' motions to dismiss as moot because the court was granting the plaintiff's motion to file an amended complaint); Reeves Constr. Co. v. Baker Constructors, Inc., No. 4:18-CV-73, 2019 WL 1292306, at *2 (S.D. Ga. Mar. 20, 2019) (denying as moot the defendant's motion to dismiss due to the filing of the plaintiff's first amended complaint). In this case, the Clerk's entry of default against Respondent Contravest and Respondent Center Contracting (Doc. 13) and Respondents Contravest's

and Center Contracting's Motion to Set Aside Default (Doc. 15) pertained to the original complaint which has been superseded by the amended complaint. The original complaint is no longer the operative pleading before the Court and any attendant default for failing to answer that complaint is moot. Accordingly, the motion to set aside that default is also rendered moot due to the filing of the amended complaint. See Montgomery Bank, N.A. v. Alico Rd. Bus. Park, LP, No. 2:13-CV-802, 2014 WL 757994, at *2 (M.D. Fla. Feb. 26, 2014) (collecting cases).

This Court also notes the Eleventh Circuit's "strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) ("[W]e must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court."). Accordingly, Petitioner's Motion for Reconsideration (Doc. 38) is **DENIED**.

SO ORDERED this 17th day of April 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA